1  Vy T. Pham, Esq.
   California Bar No. 249911
2  MILES, BAUER, BERGSTROM & WINTERS, LLP
   1231 E. Dyer Road, Suite 100
3  Santa Ana, CA 92705
   (714) 481-9100 / FAX (714) 481-9144
4  File No. 13-01718

5  Attorneys for Movant,
   BANK OF AMERICA, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| In re: | Case No.: 12-42078-WJL |
|---|---|
| KATIA NUNEZ, AKA KATIA NUEZ-RAMIREZ, | Chapter 13 |
|  | R.S. No. CBJ-127 |
| Debtor. | **Hearing –** |
|  | Date: August 7, 2013 |
|  | Time: 09:30 A.M. |
|  | Place: U.S. BANKRUPTCY COURT |
|  | 1300 Clay Street |
|  | Oakland, CA 94612 |
|  | Courtroom 220 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

BANK OF AMERICA, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. §362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of **24482 Leona Drive, Hayward, CA 94544** (the "Property"). The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith (the "Declaration"). In further support of this Motion, Movant respectfully states:

///

1

1.   A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on March 7, 2012.

2.   A Chapter 13 Plan was confirmed on July 31, 2012.

3.   The Debtor has executed and delivered that certain promissory note in the original principal amount of $211,105.00 (the "Note"). Movant is an entity entitled to enforce the Note. Movant, directly or through an agent, has possession of the Note. A copy of the Note is attached hereto as **Exhibit "1"**.

4.   Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under the Note and the Deed of Trust with respect to the Loan are secured by the Property. A copy of the Deed of Trust is attached hereto as **Exhibit "2"**.

5.   All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain assignment of deed of trust, a copy of which is attached hereto as **Exhibit "3"**.

6.   Bank of America, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

///

///

///

7. As of June 21, 2013, the outstanding Obligations are:

| Unpaid Principal Balance | $199,682.48 |
|---|---|
| Unpaid, Accrued Interest | $6,656.08 |
| Costs | $2,648.66 |
| **Less**: Partial Payments | ($2,369.35) |
| Minimum Outstanding Obligations | $206,617.87 |

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $650.00 in legal fees and $176.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The following chart sets forth the number and amount of post petition payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 04/01/2013 | 06/01/2013 | $1,540.96 | $4,622.88 |
| | | | Less post petition partial payments: | $ (489.46) |
| | | | Total: | $ 4,133.42 |

The total set forth in this paragraph represents only the post petition principal, interest, and escrow (if any) amounts that are, as of June 21, 2013, due but not paid, less any partial payments or suspense balance. It cannot be relied upon as a payoff or reinstatement amount. The exact post petition reinstatement amount is available from counsel for Movant upon request.

10. Cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected.

(b) Post confirmation payments required by the confirmed plan have not been made to Movant.

(c) Pursuant to 11 U.S.C. §362(d)(2)(A), Debtor has no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

3

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

    1.    Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

    2.    That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    3.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    4.    Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

    5.    For such other relief as the Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 7/2/13    By: _____
Vy T. Pham, Esq.
Attorney for Movant

13-01718/ndbacmfr.dot/sbs