```
1  SPENCER P. SCHEER #107750
   JOSHUA L. SCHEER #242722
2  REILLY D. WILKINSON #250086
   JONATHAN SEIGEL #168224
3  SCHEER LAW GROUP, LLP
   155 N. REDWOOD DRIVE, SUITE 100
4  SAN RAFAEL, CA 94903
   Telephone: (415) 491-8900
5  Facsimile: (415) 491-8910
   BSI.100-609S
6
   Attorneys for Secured Creditor
7  CAM IX TRUST, its successors and/or assignees
```

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re: | Bk. No. 12-42078-WJL |
|---|---|
| KATIA NUNEZ aka KATIA NUEZ-RAMIREZ, | Chapter 13 |
| Debtor. | **DECLARATION REGARDING BREACH OF ORDER** |

DECLARATION OF Natalie Owens

I, Natalie Owens, declare and state:

1. As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in this action, I could and would testify competently to the following facts personally known to me to be true.

2. I am an employee and a custodian of records of BSI FINANCIAL SERVICES. ("**BSI**"). I am a ~~DOC Signing Officer~~ FCL Supervisor of BSI who is authorized to act as attorney-in-fact for CAM IX TRUST, its successors and/or assignees, the Lender ("**Lender**"), which holds a secured lien on the subject property located at 24482 Leona Drive, Hayward, CA 94544 ("**Property**"). A copy of the Limited Power of Attorney is attached hereto as Exhibit "1." BSI

1

is also the servicer for Lender relating to the subject loan and has the authority to act on its behalf. I am one of the representatives of BSI familiar with this case and the facts herein and am authorized to make these statements on behalf of Lender. I have reviewed the loan service records of Lender before making these statements. The loan service records are kept in the regular course of business, at or near the time of the event which is noted or memorialized.

3. On October 27, 2015, an Order Granting Stipulation for Adequate Protection Resolving Movant's Motion for Relief ("**Order**") was approved and signed by the Honorable William J. Lafferty. A copy of the Order and Stipulation are attached hereto as Exhibit "2."

4. Under the provisions of the Order, Debtor was to cure the post-petition delinquency by making ten (10) monthly payments of $1,910.08 ("**Delinquency Payments**"). The Delinquency Payments were to commence on November 15, 2015 and continue through August 15, 2016.

5. In addition to the Delinquency Payments describe in paragraph 4 above, Debtor was to maintain current on monthly payments in the amount of $1,472.78 ("**Normal Monthly Payments**") owed to Lender on its claim and secured by the Property located at 24482 Leona Drive, Hayward, CA 94544 ("**Property**"). Normal Monthly Payments were to commence on November 1, 2015.

6. The Order provides that in the event that Debtor failed to abide by the terms of the Order, Lender was to serve written notice that a breach had occurred, and that Debtor had fourteen (14) days to cure said breach.

7. Upon review of the loan service records, Lender asserts that Debtor has failed to submit the seven (7) Normal Monthly Payments for the months of February 1, 2016 through August 1, 2016 at $1,472.78 each, for a total of $10,309.46.

8. In addition, Lender asserts that Debtor has failed to submit the seven (7) Delinquency Payments for the months of February 15, 2014 through August 15, 2015 at $1,910.08 each for a total of $13,370.56.

9. Debtor's total delinquency to be paid to Lender directly is $23,680.02. This includes a credit of $218.39 for funds held.

2

10. Due to Debtor's failure to timely and properly comply with the terms of the Order as set forth hereinabove, Lender has been forced to incur additional attorney's fees to collect the amounts owing. These attorney's fees are in addition to attorney's fees incurred prior to the noncompliance of Debtor.

11. Debtor is in breach under the terms of the Order and has fourteen (14) days to cure. If a late charge becomes due and owing between the time the notice is given and the time the Debtor attempts to cure the breach, the cure of the breach must include the additional late charge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on September 7, 2016, at Irving, Texas *(city, state)*.

Signature: *[signature]*
Print Name: Natalie Owens

Prepared by:   When recorded return to:
BSI Financial Services

[          ]
[          ]
[          ]

## LIMITED POWER OF ATTORNEY

This Limited Power of Attorney is made in connection with that certain Sub-Servicing or Servicing Agreement by and between __CAM IX Trust__ (the "Owner") and Servis One, Inc. a Delaware corporation, licensed as Servis One, Inc. in Florida and licensed as Servis One, Inc. d/b/a/ BSI Financial Services, in all other jurisdictions in which business is conducted (the "Servicer") dated as of __9/16/2014__ (the "Servicing Agreement").

Owner hereby makes, constitutes and appoints Servicer for Owner's benefit and in Owner's name, place, and stead, as Owner's true and lawful attorney-in-fact, with full power of substitution, to act in any manner necessary and proper to exercise the servicing and administrative powers set forth in the Servicing Agreement with respect to those loans and REO properties the servicing for which has been transferred to the Servicer pursuant to the terms of the Servicing Agreement. Such powers include the authority to execute the following documents:

1. Mortgage and trust deed assignments;
2. Note endorsements and allonges;
3. Substitutions of trustee;
4. Deeds of conveyance (including, without limitation, warranty deeds, grant deeds and quitclaim deeds);
5. Trust deed reconveyance and mortgage release documents;
6. Partial releases and subordination agreements;
7. Affidavits (including, without limitation, lost note affidavits, military affidavits and affidavits of indebtedness);
8. Powers of attorney (i) concerning any process related to effecting a lien release upon payment of a loan in full, or (ii) used to process any foreclosure, bankruptcy or other related activity concerning a loan in default;
9. HUD-1 settlement statements;
10. Endorsement of insurance claim proceeds checks;
11. Insurance claims and filings;
12. Approved, standard hold harmless agreements regarding payment of property insurance proceeds to Servicer for the benefit of the Owner or to the Owner;
13. Documents in connection with any bankruptcy (including, without limitation, Bankruptcy Declaration in support of Motions for Relief from Stay);
14. Contracts and purchase agreements for sale of real estate;
15. Settlement agreements, consent judgments, stipulated dismissals, stipulations and releases, as may be necessary; and

1


EXHIBIT " 1 "

16. All other normal and customary documents related to the foreclosure and/or sale of real estate.

Owner gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the limited power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and does hereby ratify and confirm to all that this Limited Power of Attorney is effective as of the date hereof.

Owner will not be responsible for inspection of any items being executed pursuant to this Limited Power of Attorney and as such, is relying upon the Servicer to undertake whatever procedures may be necessary to confirm the accuracy of such items.

Any third party may rely upon a copy of this Limited Power of Attorney, to the same extent as if it were an original, and shall be entitled to rely on a writing signed by the Servicer to establish conclusively the identity of a particular right, power, capacity, asset, liability, obligation, property, loan or commitment of Servicer for all purposes of this Limited Power of Attorney.

Servicer shall not be obligated to furnish a bond or other security in connection with its actions hereunder. Servicer hereby agrees to indemnify and hold Owner and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Servicing Agreement.

Owner authorizes Servicer, by and through any of its directors or officers, or any other employee who is duly authorized by Servicer to certify, deliver and/or record copies and originals of this Limited Power of Attorney. Servicer's employees executing such documents in the name of Owner necessary to properly service and administer mortgage loans must hold the office of Document Executing Officer or Assistant Vice President or higher.

If any provision of this Limited Power of Attorney shall be held invalid, illegal or unenforceable, the validity, legality or enforceability of the other provisions hereof shall not be affected thereby. This Limited Power of Attorney is entered into and shall be governed by the laws of the State of Texas without regard to conflicts of law principles of such state.

[signature page follows]

IN WITNESS WHEREOF,(OWNER's NAME) _CAM IX Trust_, as Owner has caused this Limited Power of Attorney to be executed by its duly authorized representative as of _December 8_, 20_14_.

[Owner]

By: _[signature]_
Name: _James A. Heifrich_
Title: _member_

STATE OF _____
COUNTY OF _____

Before me, _____ (insert the name and character of the officer) a notary public licensed in this state, on this day personally appeared _____ (name)(Title) _____ of _____ (Corporation), known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document )) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same.

Given under my hand and seal of this office this _____ day of _____,

(Personalized Seal)                    Notary Public's Signature

\* correct CA Notary Acknowledgement attached.

# ACKNOWLEDGMENT

State of California
County of _____Los Angeles_____ )

On __December 8, 2014__ before me, __Megan Starr_____
(insert name and title of the officer)

personally appeared ___James A. Helfrich_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Megan Ann Starr_____ (Seal)

MEGAN ANN STARR
Commission # 2066927
Notary Public - California
Los Angeles County
My Comm. Expires Oct 20, 2018



1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
2  JOSHUA L. SCHEER #242722
   REILLY D. WILKINSON #250086    The following constitutes the order of the court.
3  JONATHAN SEIGEL #168224        Signed October 27, 2015
   155 N. Redwood Drive, Suite 100
4  San Rafael, CA 94903
   Telephone: (415) 491-8900
5  Facsimile: (415) 491-8910
   BSI.100-609S
6                                 _____
                                  William J. Lafferty, III
   Attorneys for Secured Creditor  U.S. Bankruptcy Judge
7  CAM IX TRUST, its successors and/or assignees

8             UNITED STATES BANKRUPTCY COURT FOR THE
9             NORTHERN DISTRICT OF CALIFORNIA
10                    OAKLAND DIVISION

11  In re:                          Bk. No. 12-42078-WJL
12  KATIA NUNEZ aka KATIA NUEZ-     Chapter 13
13  RAMIREZ,                        R.S. No. RDW-698
14         Debtor.                  **ORDER APPROVING STIPULATION FOR
15                                  ADEQUATE PROTECTION RESOLVING
                                    MOVANT'S MOTION FOR RELIEF**
16
                                    Hearing-
17                                  Date: October 21, 2015
                                    Time: 9:30 a.m.
18                                  Place: Bankruptcy Court
                                    1300 Clay Street, Courtroom 220
19                                  Oakland, CA
20
21

22         The Court, after reviewing and determining that the parties were agreeable to entry
23  of the STIPULATION FOR ADEQUATE PROTECTION RESOLVING MOVANT'S MOTION
24  FOR RELIEF entered into by CAM IX TRUST, its successors and/or assignees ("Secured
25  Creditor"), by and through its counsel, REILLY D. WILKINSON of SCHEER LAW GROUP, LLP
26  and KATIA NUNEZ ("Debtor"), through her counsel NATHAN DAVID BORRIS, and good cause
27
28

Case: 12-42078  Doc# 88  Filed: 10/27/15  Entered: 10/27/15 15:11:21  Page 1 of 3

EXHIBIT "2"

1

1 | appearing, the Stipulation filed on October 26, 2015, docket number 87 is hereby made an Order of
2 | this Court.
3 |     IT IS SO ORDERED.
4 |
5 |     ***END OF ORDER***

**COURT SERVICE LIST**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
BSI.100-609S

Attorneys for Movant
CAM IX TRUST, its successors and/or assignees
```

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>KATIA NUNEZ aka KATIA NUEZ-RAMIREZ,<br><br>Debtor. | Bk. No. 12-42078-WJL<br><br>Chapter 13<br><br>**STIPULATION FOR ADEQUATE PROTECTION RESOLVING MOVANT'S MOTION FOR RELIEF**<br><br>Hearing-<br>Date: October 21, 2015<br>Time: 9:30 a.m.<br>Place: Bankruptcy Court<br>1300 Clay Street, Courtroom 220<br>Oakland, CA |

This Stipulation for Adequate Protection Resolving Movant's Motion for Relief ("**Stipulation**") is entered into by and between CAM IX TRUST, its successors and/or assignees ("**Movant**"), through its counsel REILLY WILKINSON of SCHEER LAW GROUP, LLP and KATIA NUNEZ aka KATIA NUEZ-RAMIREZ ("**Debtor**"), through her counsel, NATHAN DAVID BORRIS. The parties hereby agree and stipulation that the following may be entered as an order by the Court:

//

1

## I. Recitals

1. On September 2, 2015, Movant filed a Motion for Relief from the Automatic Stay ("**Motion**") that was set to be heard on September 16, 2015 and continued to September 30, 2015, then continued to October 21, 2015 ("**Hearing Date**"). The Motion relates to the Debtor's default on the Note secured by a Deed of Trust executed and recorded in Alameda County and which encumbers the real property described as 24482 Leona Drive, Hayward, CA 94544 and more particularly described in the Deed of Trust attached to Movant's Motion ("**Property**").

2. Debtor is delinquent in the amount of $19,100.83 ("**Post-Petition Delinquency**") which represents the monthly payment from November, 2014 through October, 2015 and amounts owing to Movant for attorneys' fees and costs incurred post-petition.

3. The parties have agreed that the stay shall remain in effect subject to the below terms and conditions.

5. All payments made pursuant to this Stipulation shall be made to Movant at the following address: BSI Financial Services, PO Box 660605, Dallas, TX 75266 ("**Payment Address**").

## II. Stipulation

A. IT IS STIPULATED that the Debtor shall cure the Post-Petition Delinquency by making ten (10) payments of $1,910.08 ("**Delinquency Payment**") each directly to Movant at the Payment Address. The Delinquency Payments shall commence on November 15, 2015 and continue through August 15, 2016.

B. IT IS FURTHER STIPULATED that the Debtor must maintain normal monthly post-petition payments in the amount of $1,472.78 ("**Monthly Payments**") to Movant on its claim secured by the Property pursuant to the terms of the Note and Deed of Trust, starting with the November 1, 2015 payment, and continuing each month thereafter on the first of the month. Debtor must also abide by the terms of the Note and Deed of Trust. The amount of the Monthly Payment is

2

subject to change in accordance with the terms of the Note and Deed of Trust and the escrow analysis related to the subject loan.

C. IT IS FURTHER STIPULATED that the Debtor must maintain current monthly payments to the Chapter 13 Trustee pursuant to the terms of her confirmed Chapter 13 Plan.

D. IT IS FURTHER STIPULATED that the Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due post-petition with regard to the Property.

E. IT IS FURTHER STIPULATED that upon any default in the terms and conditions set forth in paragraphs A through E of this Stipulation, Movant must serve written notice of default to Debtor and Debtor's attorney. If the Debtor fails to cure the default within 14 days after service of such written notice, Movant may file and serve a declaration that states under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.

F. IT IS FURTHER STIPULATED that notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of three (3) notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this Stipulation and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

G. IT IS FURTHER STIPULATED that this Stipulation is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Stipulation ceases to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

3

H. IT IS FURTHER STIPULATED that if Movant obtains relief from stay based on Debtor's default under this Stipulation, the order granting such relief will contain a waiver of the 14 day stay as provided in FRBP 4001(a)(3).

I. IT IS FURTHER STIPULATED that Movant may accept any and all payments made pursuant to this Stipulation without prejudice to or waiver of any rights or remedies to which Movant could otherwise have been entitled under applicable non-bankruptcy law.

J. IT IS FURTHER STIPULATED that upon approval of this Stipulation as an order of this Court, Movant's Motion shall be deemed resolved.

K. IT IS FURTHER STIPULATED that the Co-Debtor Automatic Stay of 11 U.S.C. §1301 as it pertains to the Co-Debtor's interest in the subject real property shall be and is hereby terminated and vacated for all purposes.

_____  DATED: 10/20/15
NATHAN DAVID BORRIS
COUNSEL FOR DEBTOR

_____  DATED: 10/26/15
REILLY WILKINSON
COUNSEL FOR MOVANT

_____  DATED: 10/20/15
HUMBERTO OBISPO NAVAS
CO-DEBTOR

```
 1  SPENCER P. SCHEER #107750
    JOSHUA L. SCHEER #242722
 2  REILLY D. WILKINSON #250086
    JONATHAN SEIGEL #168224
 3  SCHEER LAW GROUP, LLP
    155 N. REDWOOD DRIVE, SUITE 100
 4  SAN RAFAEL, CA 94903
    Telephone: (415) 491-8900
 5  Facsimile: (415) 491-8910
    BSI.100-609S
 6
    Attorneys for Lender
 7  CAM IX TRUST, its successors and/or assignees

 8
                    UNITED STATES BANKRUPTCY COURT FOR
 9
                    THE NORTHERN DISTRICT OF CALIFORNIA
10
                              OAKLAND DIVISION
11
    In re:                              Bk. No. 12-42078-WJL
12
    KATIA NUNEZ aka KATIA NUEZ-         Chapter 13
13
    RAMIREZ,                            R.S. No. RDW-698
14
              Debtor                    CERTIFICATE OF SERVICE BY MAIL
15
                                        Hearing-
16                                      Date: October 21, 2015
                                        Time: 9:30 a.m.
17                                      Place: Bankruptcy Court
                                               1300 Clay Street
18                                             Oakland, CA

19
20
            I, SIMONE DVOSKIN, declare that:
21
            I am employed in the County of Marin, State of California. I am over the age of
22  18 and am not a party to the within action; my business address is 155 N. Redwood Drive, Suite
    100, San Rafael, California 94903.
23
            On October 26, 2015, I served the within STIPULATION FOR ADEQUATE
24  PROTECTION RESOLVING MOVANT'S MOTION FOR RELIEF and [PROPOSED]
    ORDER APPROVING STIPULATION FOR ADEQUATE PROTECTION RESOLVING
25  MOVANT'S MOTION FOR RELIEF on the interested parties in this action by placing true and
    correct copies thereof enclosed in a sealed envelope with postage prepaid in the United States
26  Mail at San Rafael, California, addressed as follows:

27  //

28  //
```

| | |
|---|---|
| 1 | **DEBTOR**<br>KATIA NUNEZ |
| 2 | 24482 LEONA DRIVE<br>HAYWARD, CA 94542 |
| 3 | |
| 4 | **CO-DEBTOR**<br>HUMBERTO OBISPO NAVAS |
| 5 | 24482 LEONA DRIVE<br>HAYWARD, CA 94542 |
| 6 | **ATTORNEY FOR DEBTOR(S)**<br>NATHAN DAVID BORRIS |
| 7 | LAW OFFICES OF NATHAN D. BORRIS<br>21550 FOOTHILL BLVD., 2ND FL. |
| 8 | HAYWARD, CA 94541 |
| 9 | **CHAPTER 13 TRUSTEE**<br>MARTHA G. BRONITSKY |
| 10 | P.O. BOX 5004<br>HAYWARD, CA 94540 |
| 11 | |
| 12 | **UNITED STATES TRUSTEE**<br>OFFICE OF THE U.S. TRUSTEE<br>1301 CLAY ST. #690N |
| 13 | OAKLAND, CA 94612 |
| 14 | |
| 15 | [ X ]  (By Mail [Federal]) I placed such envelope with postage thereon fully prepaid in the United States mail at San Rafael, California. |
| 16 | [ ]  (By Mail [State]) I am readily familiar with SCHEER LAW GROUP, LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address shown above; I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration. |
| 20 | [ ]  (By Personal Service) I caused such envelope to be delivered by hand to the addressee(s). |
| 21 | [ X ]  Executed on October 26, 2015, at San Rafael, California. |
| 22 | [ X ]  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| 24 | [ X ]  (Federal) I declare that I am employed in the office of a member of the Bar at whose direction this service was made. |
| 25 | |
| 26 | *[signature]*<br>SIMONE DVOSKIN |